## ROBERTS *v.* JENKINS.

A temporary and curable injury, existing at the date of the sale of a horse, not injuring him for present service, is not a breach of the warranty of the soundness of the horse.

*Semble,* that any injury or infirmity which renders a horse less fit for present use and convenience, even though the same be temporary and curable, is an unsoundness, constituting a breach of the warranty of the soundness of the horse.

ASSUMPSIT, on a promissory note which it was admitted was given, by the defendant to the plaintiff, for the price of a horse, sold by the plaintiff to the defendant.

The defence was, that the horse was warranted sound, and being found otherwise was duly returned, &c. And it was conceded, on the part of the plaintiff, that if the horse, at the time of the sale, was unsound, the action could not be maintained.

It appeared, on the trial, that the horse had been injured, three or four years since, in the left hind leg ; and evidence was introduced, tending to show, that the injury had never been fully removed, and was permanent.

Evidence was also introduced, tending to show that the horse had a defect in the hock, either temporary or permanent.

The court instructed the jury, that a permanent injury was an incurable one ; was a fault and a breach of warranty ; that a temporary injury was curable ; that if it injured the horse for service it was a fault and a breach of warranty ; that if it did not injure the horse for service, it was no breach of warranty ; and that if they believed this horse had either a permanent injury, or a temporary one, which injured him for service, the defence was made out ; and their verdict should be for the defendant. But if there was no permanent injury, or the temporary one, if any, was of such a nature as not to injure him for service, then their verdict should be for the plaintiff.

The jury having returned a verdict for the plaintiff, the defendant moved to set the same aside, and for a new trial, for supposed error in the foregoing instructions of the court. And the questions arising upon said motion were transferred to this Court for decision.

*Butters*, and *Pierce & Minot*, for the plaintiff.

*Norris*, for the defendant.

WOODS, J. The court instructed the jury, in substance, that a permanent injury, existing at the time of the sale of a horse, would constitute a breach of the warranty of soundness.

Whether the instructions were, thus far, strictly correct, it is not necessary now to determine. It is sufficient to say, that they were at least sufficiently favorable to the defendant. The court further instructed the jury, in effect, that a curable and temporary injury, existing at the date of the sale of the horse, not injuring him for service, was not a breach of warranty of the soundness of the horse. The correctness of the latter branch of the instructions, is alone questioned. The question made in this case is not a new one in courts of justice, although it is not found to have been settled by the reported decisions in this State.

Roberts *v.* Jenkins.

What character, or extent of injury arising from disease or accident, will constitute a breach of warranty of the soundness of a horse, is a question which has considerably engaged the attention of the courts in England and in this country. And although some difference of opinion is found to have existed among eminent judges, upon the point, yet the general rule is believed to be now well settled, in the books.

Mr. *Chitty*, in his learned treatise on Contracts, states the rule thus: " If, at the time of the sale, the horse has any disease which, either actually does diminish the natural usefulness of the animal, so as to make him less capable of work of any description, or which, in its ordinary progress, will diminish the natural usefulness of the animal; or if the horse has, either from disease or accident, undergone any alteration of structure that either actually does, at the time, or in its ordinary effects will, diminish the natural usefulness of the horse, the horse is unsound. And therefore, a cough which renders a horse less fit for present use, but is not calculated permanently to diminish his usefulness, and from which he ultimately recovers, is an unsoundness constituting a breach of warranty. So any organic defect is unsoundness ; and therefore a nerved horse cannot be considered sound, or a horse afflicted with a bonespavin in the hock. But mere badness of shape, though it should render a horse unfit for work, is no unsoundness, or breach of a general warranty."

The case of *Elton* v. *Brogden*, 4 Camp. 281, was an action upon a warranty of the soundness of a horse. And it was proved and admitted, that the horse was lame at the time of the sale ; but the defendant undertook to prove that the lameness was of a temporary nature, and that he had become, in all respects, sound.

Lord *Ellenborough* said, " I have always held, and now hold, that a warranty of soundness is broken, if the animal, at the time of the sale, had any infirmity upon him which rendered him less fit for present service. It is not necessary that the disorder should be permanent or incurable. While a horse has a cough, I say he is unsound ; whether that be temporary or prove mor-

tal. The horse in question, having been lame at the time of the sale, when he was warranted to be sound, his condition subsequently is no defence to the action."

And in *Elton* v. *Jordan*, 1 Stark. Rep. 127, which was also an action on a warranty of the soundness of a horse, the same learned judge states the rule to be, that " to constitute unsoundness, it is not essential that the infirmity should be of a permanent nature ; it is sufficient if it render the animal, for the time, unfit for service ; as for instance a cough which, for the present, renders it less useful, and may ultimately prove fatal. Any infirmity which renders a horse less fit for present use and convenience, is unsoundness."

In *Garment* v. *Barrs*, 2 Esp. Rep. 673, which was assumpsit on a warranty of the soundness of a horse sold by the defendant to the plaintiff, *Eyre*, C. J., lays down a somewhat different rule. He says, " A horse laboring under a temporary injury or hurt, which is capable of being speedily cured or removed, is not, for that cause, an unsound horse ; and when a warranty is made that such a horse is sound, it is made without any view to such injury ; nor is a horse so circumstanced, an unsound horse, within the meaning of the warranty."

In *Watson* v. *Denton*, 7 Carr. & Payne, 85, it was decided, that bonespavin in the hock was unsoundness in a horse, and a breach of a warranty of soundness, although not attended with lameness at the time. But in this case the question whether bonespavin was an unsoundness, was submitted to the jury to be determined according to the general understanding of those who enter into such contracts, upon the proofs in the case.

In *Kornegay* v. *White*, 10 Alabama Rep. a warranty of unsoundness is holden to cover all diseases which affect the value of the animal sold, whether temporary or permanent. The doctrine of this case would seem to be in strict accordance with that of *Elton* v. *Brogden*, and *Elton* v. *Jordan*, before cited. We regard the rule as enunciated by Lord *Ellenborough*, as being the true rule upon this subject.

If a horse be afflicted with an infirmity which renders him less fit for immediate use than he otherwise would be, and less able

to perform the proper and ordinary labor of a horse, it would seem but reasonable, that it should be regarded as an unsoundness, for which a party, selling the horse and warranting its soundness, should be held responsible. Such an infirmity may well be supposed to be the occasion of damage to the purchaser. The intention and understanding of the parties to the warranty are, in such as well as in all other contracts, to govern their construction. It is in the use of a horse that his value principally consists. It may well be presumed then, that when a horse is purchased, he is purchased for service; and that it is with reference to his ability and fitness for service that a guaranty of soundness would ordinarily be required or given. And we can see no reason for supposing that the future fitness, or usefulness, of the horse would be likely to be more an object of solicitude on the part of the purchaser, than his present fitness. And when we consider the subject-matter of such a guaranty, we can see no reason to suppose that, in such cases, the parties do not at least intend, by a general warranty of soundness, that at the time of the sale, the animal is laboring under no disease or injury which, at the time or afterwards, does, or will diminish his natural and ordinary usefulness and fitness for service.

We think the construction of such a warranty, giving this effect to it, is just and reasonable, and is in accordance with the reasonable and obvious intentions of the parties.

But the defendant contends that even if the injury be temporary and curable, and do not, at the time, injuriously affect the natural usefulness and fitness of the horse for service, still it is a fault, and a breach of the warranty of soundness. We can see no ground, however, upon which to establish such a principle. It would obviously furnish a case allowing of the recovery of damages where none have been sustained. But no case has been brought to our notice by the diligent counsel for the defendant, and no case is found by us in the books, going the extent of holding such a doctrine. And we regard the position of the defendant as being sustained, neither by reason nor authority. It is, certainly, not supported by the opinion of Lord *Ellenborough*, and much less by that of Mr. Chief Justice *Eyre*.

Upon the whole, it is the opinion of the Court that the rule of law given to the jury by the court below, of which complaint is made, was the true rule ; and consequently the judgment of the Court is, that there must be

*Judgment on the Verdict.*